FILED
SUPERIOR COURT
OF GUAM

2021 NOV 19 PM 1:41

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM,<br><br>vs.<br><br>**YOSHIRO RUBEN aka Isoi Ruben,**<br><br>Defendant. | CRIMINAL CASE NO. **CF0528-21**<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on November 18, 2021, for hearing on Defendant **YOSHIRO RUBEN aka Isoi Ruben's** ("Defendant") Motion and Application for Bail Redetermination Hearing Under 8 G.C.A. § 40.50 For Release on Personal Recognizance or on Electronic Home Monitoring ("Motion for Bail Redetermination"). Present remotely via Zoom were Assistant Attorney General Richelle Y. Canto on behalf of the People of Guam ("the Government") and Defendant with counsel, Assistant Public Defender Alisha L. Molynuex. In accordance with its ruling from the bench on November 18, 2021, the Court now issues the following Decision and Order DENYING Defendant's Motion for Bail Redetermination.

## BACKGROUND

On October 28, 2021, Defendant was indicted with the following charges: (1) Attempted Murder (As a First Degree Felony) with Special Allegation: Use of a Deadly Weapon in the Commission of a Felony; (2) Aggravated Assault (As a Second Degree Felony) with Special Allegation: Use of a Deadly Weapon in the Commission of a Felony); and (3)

*People v. Ruben*
Case No. CF0528-21
Decision and Order

Criminal Mischief (As a Third Degree Felony) – 2 Counts. (Indictment, Oct. 28, 2021). These charges stem from allegations that Defendant attacked his cousin Shawn Kikku with a machete, swinging the machete towards his head, after they had been drinking on or about October 10, 2021. (Decl. of Steven J. Haderlie, Magistrate's Compl., Oct. 21, 2021). GPD Officers who responded to the scene saw that Mr. Kikku's hands had serous lacerations approximately four inches long that exposed flesh and bone and were bleeding profusely. *Id.* Mr. Kikku also had bruising and swelling to his right ear, and drifted in and out of consciousness as he spoke with police. *Id.* Nine days later, Defendant is alleged to have been in the street, highly intoxicated and yelling, and damaging vehicles. *Id.* Defendant is alleged to have struck a Nissan pathfinder with a piece of wood and to have thrown a cement block through the rear window of a Toyota Corolla. *Id.* GPD Officers observed a dent above the left tail lights of the Pathfinder and that the Corolla's rear window was shattered and a cement block was on the rear seat floor area. *Id.* Both vehicles are owned by Paul Eliou who lives in the same residence as the first victim, Mr. Kikku. *Id.* Mr. Elilou also told police that he was a witness to the machete incident and that he hid in his house because he was afraid Defendant would attack him. *Id.*

On November 5, 2021, Defendant filed the instant Motion. Defendant is confined pending the posting of $5,000 cash bail. *See* Commitment Order, Oct. 21, 2021. On November 10, 2021, the Government filed its Opposition.

## DISCUSSION

Defendant moves the Court to release him on personal recognizance as he does not have the means to pay the five thousand dollars ($5,000.00) cash bail or in the alternative, to be released on electronic home monitoring. *See generally*, Mot. Bail Redetermination, Nov. 5, 2021.

Under Guam law, the Court must "order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such a release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 G.C.A. § 40.15(b). Factors for the Court to consider in determining whether Defendant presents a

substantial risk of nonappearance or is a danger to the safety of any other person or the community include:

(1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;

(2) the history and characteristics of the person charged, including:

(i) length of his/her residence on Guam;

(ii) his/her employment status and history, and financial condition;

(iii) his/her family ties and relationships;

(iv) his/her reputation, character and mental and physical condition;

(v) his/her prior criminal record, if any, including any record of prior release on recognizance or on bail;

(vi) his/her history relating to drug or alcohol abuse;

(vii) the identity of the reasonable members of the community who will vouch for his/her reliability;

(viii) whether at the time of the current offense or arrest, he/she was on probation, on parole or on other release pending trial, sentencing, appeal or completion of sentence of an offense under Federal, state or local law; and

(ix) his/her history of compliance with other court orders;

(3) the nature and seriousness of the danger the person would pose to the community or to any individual member thereof if released; and

(4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released.

8 G.C.A. § 40.15(c).

If the Court finds that release on his or her own recognizance would not assure a defendant's appearance or would present a danger to any other person or the community, the Court may still permit release subject to certain conditions under 8 G.C.A. § 40.20. These conditions include:

(a) placement of the person in the custody of a designated person or organization agreeing to supervise him and to assist him in appearing in Court;

(b) placement of restrictions on the activities, movements, associations and residence of the person;

(c) placement of the person under supervision by means of electronic monitoring, including electronic monitoring with alleged victim stay-away alert technology, if available, and subject to the payment of fees or the exemption of fees, and other rules established by the court for electronic monitoring;

(d) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties;

(e) release of the person during working hours, but with the condition that he return to custody at specific times;

(f) require the person charged with family violence or violation of a protective order to undergo a lethality risk assessment or other risk assessments deemed appropriate by the Judiciary of Guam; or

(g) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community.

8 G.C.A. § 40.20. Under section 40.20, the least onerous conditions shall be imposed to ensure Defendant's appearance as required and the safety of any other person and the community. "Determinations as to bail conditions and amounts are not to be driven by the goal of keeping the accused incarcerated, but should rather be reached in consideration of the only authorized interests, *to wit*, ensuring the appearance of the accused and the safety of others." *People v. Song*, 2011 Guam 19 ¶ 11.

In support of his motion, Defendant offers that he is a twenty-five year old FSM citizen who has lived on Guam for four months; that he has social and familial relationships to Guam; and that his grandfather indicated he can live with him if he is released. (Mot. Bail Redetermination at 4, Nov. 5, 2021). Defendant also indicates that he and one of the alleged victims, Shawn Kikku, apologized to each other and resolved their dispute, and that Mr. Kikku does not oppose his release. *Id.* *See also* Submission of Exhibit for Motion for Bail Redetermination Hearing, Nov. 16, 2021 (written statement from alleged victim Shawn Kikku).

Upon consideration of the 8 G.C.A. § 40.15 factors, the Court is concerned with the safety of the community and Defendant's ability to exert self-control. Although Defendant does not appear to have a criminal history, the Court is concerned that he has only been on island for four months and is now charged with significant felonies, to include Attempted Murder (As a First Degree Felony). The allegations that form the basis of this matter are extremely serious. Defendant is alleged to have swung the machete towards Mr. Kikku's head which was blocked by Mr. Kikku's hands, causing serious bodily injury. GPD Officers observed that both of Mr. Kikku's hands had serous lacerations approximately four inches long that exposed flesh and

bone and were bleeding profusely. Had Mr. Kikku not used his hands to block the machete, Defendant may have faced even more serious charges. Further, just nine days later, Defendant allegedly continued to act in a violent manner, damaging the vehicles of a second victim who lived at the same residence as the first. The second victim was present during the machete incident but hid in his residence out of fear that Defendant would attack him.

Defendant faces a minimum of three (3) years and a maximum of fifteen (15) years for the Attempted Murder (As a First Degree Felony) charge. Further, as two of the felonies charged also have an attached special allegation based on the use of a deadly weapon in the commission of a felony, Defendant faces five (5) to twenty-five years (25) of imprisonment consecutive to any mandatory minimums for the underlying felony offenses. Thus, although Defendant may have some familial ties to Guam, the substantial sentence that Defendant may face makes him a high flight-risk.

Thus, upon the Court's review, Defendant's release on personal recognizance does not sufficiently allay the Court's concerns regarding the safety of the community. Although Defendant also asks for release on electronic monitoring in the alternative, the Court has not received any additional information regarding his eligibility for electronic monitoring release. Further, while electronic monitoring will provide information as to Defendant's whereabouts, it does not provide information as to what Defendant does within the inclusion zone, and the Court remains concerned about Defendant's ability to exert self-control based on the violent behavior alleged in this matter.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Bail Redetermination. A Status Hearing is set for **December 20, 2021** at **11:30 AM** via Zoom.

**IT IS SO ORDERED,** *nunc pro tunc* to **November 18, 2021,** this **NOV 19 2021**            .

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

*People v. Ruben*
Case No. CF0528-21
Decision and Order